**SIGNED THIS 2nd day of January, 2026**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In re: | Chapter 7 |
| JEAN VERNETTE SEAY-SAYLOR, | Case No. 25-61418 |
|     Debtor. | |

### ORDER AND NOTICE OF HEARING

On November 20, 2025, Jean Seay-Saylor filed a pro se chapter 7 petition. *See* ECF Doc. No. 1. In Part 5 of her petition, Ms. Seay-Saylor checked the box that she had received a briefing from an approved credit counseling agency within the 180 days before filing her petition but did not have the certificate of completion. The day after the petition was filed, the Court entered a deficiency order directing Ms. Seay-Saylor to file the certificate of credit counseling by December 4, 2025. *See* ECF Doc. 6. On December 4, 2025, Ms. Seay-Saylor filed with the Court a certificate of credit counseling reflecting that she completed the course on November 30, 2025, ten days *after* she filed her petition. *See* ECF Doc. No. 13.

To qualify as a debtor under the Bankruptcy Code, an individual must meet certain eligibility requirements. 11 U.S.C. § 109. Specifically, an individual may not be a debtor under the Bankruptcy Code "unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved nonprofit budget and credit

counseling agency described in section 111(a) an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." *Id.* § 109(h)(1). In other words, to proceed as a debtor in this Court, an individual must complete the credit counseling course prior to filing the petition.

The Bankruptcy Code is clear that the credit counseling course must be completed prior to filing a bankruptcy petition. The Court does not have discretion to waive that requirement unless the circumstances fall within one of the statutory exceptions to this requirement, none of which have been asserted in this case.

Accordingly, it is

**O R D E R E D**

that a hearing shall be held on **January 14, 2026, at 10:00 AM by video using Zoom software** to determine whether Ms. Seay-Saylor is eligible to be a debtor in this case. **The hearing will be held by video using Zoom software; parties shall not appear in person. Parties may access the hearing using the following URL: https://vawb-uscourtsgov.zoomgov.com/j/1603692643. Alternatively, parties may log in to their Zoom account and join the meeting using Meeting ID number 160 369 2643.** Ms. Seay-Saylor shall be prepared to explain to the Court why she is eligible to proceed as a debtor in this case, despite the failure to take the credit counseling course prior to filing her petition.

Copies of this order are directed to be sent to Jean Seay-Saylor by electronic mail at jeanseay40@gmail.com and first-class mail at 1027 Grady Ave, Charlottesville, VA 22903; and to the chapter 7 trustee by electronic mail.

**END OF ORDER**